IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 95-cv-00343-LTB

BERNARD SHATTUCK,

    Applicant,

v.

ARISTEDES ZAVARAS, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.
_____

**ORDER**
_____

This habeas corpus action is before me on Petitioner's Motion for Court to Accept Jurisdiction of the Civil Action Rule 60(b)(4) [**Docket # 51**] and Respondents' Response [**Docket # 58**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY Petitioner's Motion.

## I. BACKGROUND

On July 20, 1992, Petitioner was found guilty of sexually assaulting a child, and entered a plea of guilty to three habitual criminal counts in a Colorado state court. Petitioner was sentenced to life in prison with a possibility of parole after forty years. Petitioner's convictions were affirmed on appeal to the Colorado Court of Appeals. The Colorado Supreme Court denied certiorari.

In February 1995, Petitioner filed a petition for a writ of habeas corpus, which the Court dismissed without prejudice. Petitioner then initiated a post-conviction proceeding in the

Colorado state court which was denied on March 9, 1999. The denial was affirmed on appeal to the Colorado Court of Appeals, and the Colorado Supreme Court again denied certiorari.

Petitioner filed another petition for a writ of habeas corpus on January 23, 2002. That petition was dismissed as time barred under 28 U.S.C. § 2244(d). The Tenth Circuit affirmed the dismissal. On August 27, 2008, Petitioner filed a motion under FED. R. CIV. P. 60(b)(3) claiming fraud on the part of prosecutors in his state trial and/or in conjunction with his first habeas petition. That motion was likewise denied as time-barred.

## II. PRESENT MOTION

Petitioner now moves the Court to accept jurisdiction and reconsider the previously-dismissed 2002 habeas petition under FED. R. CIV. P. 60(b)(4). When an applicant files a Rule 60(b) motion in a habeas proceeding, a court must make a threshold inquiry into whether the motion should be treated as a second or successive habeas petition, or whether the motion should instead be treated as a "true" Rule 60(b) motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A motion will be considered a second or successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id*. at 1215–16.

Petitioner's motion raises two issues. First, Petitioner argues he was deprived of the right to a fair trial because his counsel labored under a conflict of interest. Second, Petitioner argues

2

his counsel provided ineffective assistance of counsel throughout the trial, pleading, and appeal phases of his case. Both of these objections attack the basis of Petitioner's underlying conviction in the Colorado state court. Accordingly, I treat Petitioner's motion as a second or successive habeas petition. *See Spitznas*, 464 F.3d at 1215–16.

"Before a second or successive [habeas] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When such a motion is filed without the required authorization, the district court generally will transfer the petition to the circuit court. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). Where the petition is frivolous, not brought in good faith, or otherwise lacks a meritorious basis, however, the district court may simply deny the motion for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252–53 (10th Cir. 2008).

As noted by the Tenth Circuit in its March 26, 2007, order in this matter, Petitioner has engaged in a pattern of filing "repetitious, belated, and frivolous Rule 60(b) motions." *See In re Shattuck*, Case. No. 07-1077, at *2 (10th Cir. March 26, 2007). This motion appears similarly frivolous. Under Section 2244, a second or successive habeas petition must be dismissed unless (a) the applicant shows the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (b) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim—if proven and viewed in light of the evidence as a whole—would be sufficient to establish by clear and convincing evidence that, but for the alleged constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*See* 28 U.S.C. § 2244(b). Petitioner's motion fails to allege either of these required bases for his petition.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's Motion for Court to Accept Jurisdiction of the Civil Action Rule 60(b)(4) [**Docket # 51**] is DENIED.


Dated: February  20 , 2009.


BY THE COURT:


   s/Lewis T. Babcock
Lewis T. Babcock, Judge

4