FILED
United States Court of Appeals
Tenth Circuit

April 6, 2012

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

In re:

BERNARD SHATTUCK,

      Movant.

No. 12-1114
(D.C. No. 1:95-CV-00343-LTB)
(D. Colo.)

---

## ORDER

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Bernard Shattuck, a Colorado prisoner proceeding pro se, moves for authorization to file a second or successive 28 U.S.C. § 2254 habeas application challenging his conviction for sexual assault on a child in case No. 91CR1678 in Adams County, Colorado, District Court. We deny authorization.

In 2002, Mr. Shattuck filed a § 2254 application challenging this conviction. *See Shattuck v. Novak*, No. 02-1357, slip op. at 1-2 (10th Cir. Apr. 22, 2003) (unpublished order discussing the § 2254 application). Congress has placed strict limitations on second or successive § 2254 claims. Such claims cannot proceed in the district court without first being authorized by this court. *See* 28 U.S.C. § 2244(b)(3). "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." *Id.* § 2244(b)(1). This court may authorize a previously

unasserted habeas claim only if the prisoner makes a prima facie showing that the claim relies on (A) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (B) new facts that "could not have been discovered previously through the exercise of due diligence" and that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2), (b)(3)(C).

Mr. Shattuck seeks to present numerous claims. He asserts that the district court denied his prior § 2254 application without ordering the state records; it improperly concluded that the application was time-barred; and it improperly denied a certificate of appealability in violation of 28 U.S.C. §2253(c). He also argues that the state conviction is invalid because the prosecutor substituted elements of the crime without amending the indictment; the prosecutor was improperly allowed to amend the date of the crime; there was a criminal conspiracy between the prosecutor and the defense attorney; witnesses committed perjury, and the prosecutor and defense attorney allowed them to do so to destroy Mr. Shattuck's credibility; the prosecutor substituted one witness for another to offer similar transaction evidence; the prosecutor made false statements, and defense counsel let him; defense counsel was ineffective; defense counsel refused to impeach a witness called for similar transaction evidence, and the justice

system has refused to investigate the witness or send Mr. Shattuck documents concerning the prior incident; defense counsel allowed the prosecutor to rely on the victim's second statement, rather than the first statement, and failed to impeach the victim's trial testimony; defense counsel failed to introduce bad character evidence about witnesses; defense counsel refused to give Mr. Shattuck copies of materials (including jury instructions, a police report, and transcripts); the jury instructions were defective; and the assigned police officer failed to conduct a proper investigation and failed to ascertain certain relevant facts.  He also asserts that the Colorado courts improperly denied his Colo. R. Crim. P. 35(c) motion.

It appears that many of these are the same claims that this court previously addressed and determined were insufficient to meet the standards set forth in § 2244(b).  *See Shattuck*, No. 02-1357, slip op. at 3-4 (evaluating claims that "1) the trial court's amendment of the information violated his due process right and caused the court to lose subject matter jurisdiction; 2) jury instructions were improper; 3) the information was defective because he was convicted of a different act than that charged in the original information; 4) the evidence was insufficient; 5) he was denied a fair trial; and 6) he received ineffective assistance of counsel").  Regarding the claims that this court has not previously considered, Mr. Shattuck identifies no new law that would satisfy § 2244(b)(2)(A) and no new evidence that would satisfy § 2244(b)(2)(B).

The requests for appointment of counsel and for release on bond are DENIED.  The motion for authorization to file a second or successive § 2254 habeas application is DENIED.  This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).  Mr. Shattuck is warned that any further attempt to begin a collateral attack on this conviction without first satisfying the authorization requirements set forth in § 2244(b) could lead to the imposition of sanctions.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk